4/9/2017 10:03:25 AM
16CV08504

1

2

3        **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

4                **FOR MULTNOMAH COUNTY**

5   A.M., a minor, by and through her          Case No. 16CV08504
    Conservator, Tim Nay; and R.M., a
6   minor, by and through his
    Conservator, Beagle and Associates of
7   Oregon, Inc.,                              **FIRST AMENDED COMPLAINT**

8                    Plaintiffs,               Abuse of a Vulnerable Person (ORS
                                               124.105); Sexual Abuse; Physical Abuse;
           v.                                  Intentional Infliction of Emotional
9                                              Distress; Negligence
    JOHN HENRY YATES; DANIELLE
10  YVONNE YATES; YAKIMA VALLEY
    FARM WORKERS CLINIC, INC., a               (Not Subject to Mandatory Arbitration;
11  Washington Nonprofit Corporation;          Jury Trial Demanded)
    PHYSICIANS'  MEDICAL CENTER,
12  P.C.; BRENT W. HEIMULLER, M.D.,            (Filing fee:  ORS 21.160(1)(e) - $1,056.00;
                                                Amount of Prayer:  $10,000,000 Per Child,
13                   Defendants.               Subject to ORS 124.100(2)(a) and (b))

14        Plaintiffs allege:

15                    **GENERAL ALLEGATIONS**

16                          1.

17        A.M. is a 7 year-old girl, born in August 2009.  Plaintiff Tim Nay is a

18  professional fiduciary and the duly-appointed conservator for A.M.

19

20
**Page 1 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street  Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

2.

R.M. is a 6 year-old boy, born in December 2010.  Plaintiff Beagle and Associates of Oregon, Inc., is a professional fiduciary and the duly-appointed conservator for R.M.

3.

Defendant John Henry Yates was at all times relevant a DHS-certified foster parent or DHS-approved durable guardian of A.M. and R.M., and an agent of DHS who was acting at relevant times within the course and scope of his agency with DHS.

4.

Defendant Danielle Yvonne Yates was at all times relevant a DHS-certified foster parent or DHS-approved durable guardian of A.M. and R.M., and an agent of DHS who was acting at relevant times within the course and scope of her agency with DHS.

5.

Defendant Yakima Valley Farm Workers, Inc. ("YVFWC"), is a Washington nonprofit corporation doing business through a network of community health centers operating services and programs in Washington and Oregon, including in Multnomah County, Oregon.  Among the services offered are nutrition services for

Page 2 of 22 – FIRST AMENDED COMPLAINT

1  caregivers and expecting mothers, including growth tracking to ensure children are

2  growing at a healthy rate, nutrition education and advice for caregivers, and

3  assistance finding healthcare and other community services.  YVFWC is a recipient of

4  federal funding from the Special Supplemental Nutrition Program for Women,

5  Infants, and Children ("WIC"), and operates several WIC clinics including the

6  Newberg WIC Clinic in Newberg, Oregon.

7                                                    6.

8        Defendant Brent Heimuller, M.D., is a board certified pediatrician who at all

9  times relevant, was operating within the course and scope of his employment for

10  defendant Physicians' Medical Center, P.C., a multi-specialty group medical practice.

11                                                    7.

12        In January 2011, A.M. and R.M. were taken into custody by the Oregon

13  Department of Human Services ("DHS") and placed in foster care.

14                                                    8.

15        In May 2012, A.M. and R.M. were placed in the foster home of John and

16  Danielle Yates.  On August 19, 2013, on the motion of DHS, a judgment was entered

17  making the Yates durable guardians for A.M. and R.M., and the children remained in

18  the Yates' care until December 17, 2014.

19

20

Page 3 of 22 – FIRST AMENDED COMPLAINT

9.

On December 17, 2014, the Yates turned A.M. and R.M. over to their paternal aunt, J.M., after the guardianship was vacated by the court.  Both children immediately asked J.M. for food, and when given healthy snacks, vomited, but continued to ask for food.  Based on this behavior, as well as their extremely thin appearance and the presence of an injury in the shape of a loop on R.M.'s back, J.M. notified DHS.  The children were taken to Randall Children's Hospital on December 18, 2014, where they were found to have many markers of chronic starvation and malnutrition including elevated liver enzymes, protuberant abdomens, visible ribs, loose skin, short stature, emaciated appearance, anemia, low protein /albumin levels, low zinc and vitamin D levels, lanugo, and psychogenic polydipsia.  The skin on R.M.'s feet and lower legs also had diffuse scaling, peeling, and plaques, and the skin on A.M.'s face and scalp had scaling.  Both children were found to be at high risk of Refeeding Syndrome, a potentially life-threatening consequence of starvation consisting of metabolic disturbances that occur when nutrition is reinstituted.

10.

Upon admission to Randall Children's Hospital on December 18, 2014, A.M. weighed 30.4 lbs. and was in the 0th percentile on the growth chart.  Her weight 2½

**Page 4 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street  Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

1  years earlier, shortly after her placement by DHS in the Yates' custody, was the same,

2  i.e. 30.4 lbs., and at that time, she was in the 53rd percentile on the growth chart.

3                                    11.

4        Upon admission to Randall Children's Hospital on December 22, 2014, R.M.

5  weighed 27.1 lbs. and was in the 0th percentile on the growth chart.  His weight 2½

6  years earlier, shortly after his placement by DHS in the Yates' custody, was 26.25 lbs.,

7  which was in the 83rd percentile on the growth chart.

8                                    12.

9        A.M. and R.M. were hospitalized for eight days at Randall Children's

10  Hospital to avoid the potentially life-threatening consequences of their chronic

11  starvation.  Upon discharge into the care of their paternal aunt, they demonstrated

12  no difficulty in gaining weight when fed appropriately.

13                                    13.

14       While in the Yates home, A.M. and R.M. were subjected to starvation,

15  withholding of food as discipline, withholding of medical care, isolation, physical

16  abuse, verbal and emotional abuse, and disparagement of family of origin.

17                                    14.

18       In addition, as disclosed to J.M. and to medical professionals several months

19  after her removal from the Yates home, A.M. was subjected to sexual abuse by John

20

**Page 5 of 22 – FIRST AMENDED COMPLAINT**

1    Yates, who touched her intimate parts for his own sexual gratification using his

2    hands and penis.

15.

4    As a result of their abuse, neglect, and chronic starvation by the Yates', A.M.

5    and R.M. are at risk for eating disorders, food insecurity and anxiety; stunted growth

6    and development; reduced intellectual capabilities; disrupted neurodevelopment;

7    social, emotional, and cognitive impairment; adoption of health-risk behaviors;

8    disease, disability, and social problems; increased risk of violence and re-

9    victimization; and early death.

16.

11    As a result of the abuse and neglect suffered while in the Yates' home, A.M.

12    has suffered significant developmental delays including, but not limited to, delayed

13    strength, endurance, fine motor skills, performance of activities of daily living, and

14    cognition.  Additionally, A.M. has suffered and will continue to suffer physical pain

15    and discomfort, emotional injury and mental anguish, trauma, an inability to form

16    close relationships, nightmares and sleep disruption, mistrust in the intentions of

17    others, lack of self-esteem, depression, anxiety, and post-traumatic stress disorder, all

18    to her human damage in an amount the jury determines in accordance with the law

19    and the facts, not to exceed $9,800,000.00, and she will incur future costs for

20

Page 6 of 22 – FIRST AMENDED COMPLAINT

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

Exhibit 2, Page 6 of 22

1    counseling, occupational therapy, and other treatment and therapy in an amount to

2    be determined by the jury at trial, not to exceed $200,000.00.

3                                        17.

4         As a result of the abuse and neglect suffered while in the Yates' home, R.M.

5    has suffered significant developmental delays including, but not limited to, delayed

6    speech and self-help activities, decreased strength and balance, delayed fine motor

7    skills, delayed comprehension, delayed visual perceptual skills, and delayed social

8    skills.  Additionally, R.M. has suffered and will continue to suffer physical pain and

9    discomfort, emotional injury and mental anguish, trauma, an inability to form close

10   relationships, nightmares and sleep disruption, mistrust in the intentions of others,

11   lack of self-esteem, depression, anxiety, and post-traumatic stress disorder, all to his

12   human damage in an amount the jury determines in accordance with the law and the

13   facts, not to exceed $9,800,000.00, and he will incur future costs for counseling,

14   occupational therapy, and other treatment and therapy in an amount to be

15   determined by the jury at trial, not to exceed $200,000.00.

16                        **FIRST CLAIM FOR RELIEF:**
                   **ABUSE OF A VULNERABLE PERSON – ORS 124.105**
17
                   **(Against Defendants John and Danielle Yates)**
18
                                        18.
19
          Plaintiffs reallege and incorporate herein paragraphs 1-4 and 7-17.
20

**Page 7 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

19.

A.M. and R.M. were at all relevant times vulnerable and entitled to the protection of ORS 124.100 *et seq.*, because they were incapacitated persons for purposes of ORS 124.100(1)(e)(C) and ORS 125.005(5) since a condition existed in which their abilities to receive and evaluate information effectively or to communicate decisions were impaired to such an extent that they did, at the relevant times, lack the capacity to meet the essential requirements for their physical health or safety, including those actions necessary to provide the health care, food, shelter, clothing, personal hygiene and other care without which serious physical injury or illness was likely to, and did, occur.  Specifically, conditions existed such that A.M. and R.M. lacked a wide range of cognitive and functional abilities relating to receipt and evaluation of information and communication, including:

(a)     The ability to use and understand words, regardless of whether they were written or spoken;

(b)     The ability to communicate effectively with or otherwise engage others, including those who may have been in a position to help them meet their basic needs.

(c)     The ability to understand basic concepts related to self-care, medical treatment, common dangers, and personal safety;

**Page 8 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone: (503) 546-3150  •  Fax: (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

(d)    The ability to manage money or purchase necessities;

(e)    The ability to understand (i) that they had the need and the right to be

fed regularly; (ii) that they had the need and right not to be abused by

others; (iii) that they had basic needs and rights to emotional security

and bodily integrity; and (iv) an understanding that they were being

physically abused and neglected, and with respect to A.M., sexually

abused;

(f)    The ability to make or to communicate any decision that would cause

their essential requirements for physical health and safety to be met;

(g)    Isolation from anyone who might have been able to help them, except

the perpetrators of their abuse;

(h)    The ability to place phone calls, to communicate electronically, or in any

way to contact law enforcement or medical providers or anyone outside

the Yates' home to meet their needs;

(i)    The ability to receive and evaluate information effectively or to

communicate decisions due to impairment by threats and coercion by

the Yates, as well as the physical and psychological effects of the ongoing

abuse being perpetrated against them by the Yates.

Page 9 of 22 – FIRST AMENDED COMPLAINT

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150 ● Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

20.

The conduct of John and Danielle Yates as alleged in paragraphs 13-14

constituted physical abuse within the meaning of ORS 124.105(1)(a), (c), (d), and (h).

21.

As a result of the defendants' acts and omissions as alleged in this First Claim for

Relief, A.M. and R.M. suffered the harm and damages alleged in paragraphs 15-17,

and are entitled to amounts equal to three times their economic and non-economic

damages, pursuant to ORS 124.100(2)(a) and (b).

22.

Plaintiffs are entitled to recover reasonable attorney fees pursuant to ORS

124.100(2)(c) and reasonable fees for the services of the conservators pursuant to ORS

124.100(2)(d).


**SECOND CLAIM FOR RELIEF:**
**SEXUAL ABUSE (SEXUAL BATTERY)**

**(Against Defendant John Yates)**

23.

Plaintiff A.M. realleges and incorporates herein paragraphs 1, 3, 7-8, and 14-16.

Page 10 of 22 – FIRST AMENDED COMPLAINT

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

24.

On more than one occasions between May 18, 2012 and December 17, 2013, John Yates sexually abused A.M. by touching her sexual or other intimate parts with his hand(s) and penis for the purpose of his own sexual gratification.

25.

As a result of the sexual abuse alleged in this claim, A.M. has suffered human damage in an amount the jury determines in accordance with the law and the facts, not to exceed $5,000,000.00, and will incur future costs for counseling, occupational therapy, and other treatment and therapy in the amount determined by the jury at trial, not to exceed $100,000.00.  These amounts are included in, and not in addition to, those alleged in paragraphs 15-16.

**THIRD CLAIM FOR RELIEF:**
**PHYSICAL ABUSE (BATTERY)**

**(Against Defendants John and Danielle Yates)**

26.

Plaintiff R.M. realleges and incorporates herein paragraphs 2-4, 7-9, and 13.

27.

On one or more occasions between May 18, 2012 and December 17, 2013, John and/or Danielle Yates physically abused R.M. by striking him, including on at least

**Page 11 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street  Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

1   one occasion with an extension cord or other looped cord, causing him pain and

2   physical injury.

3                                     28.

4          As a result of the physical abuse alleged in this claim, R.M. has suffered human

5   damage in an amount the jury determines in accordance with the law and the facts, not to

6   exceed $2,000,000.00, and will incur future costs for counseling, occupational therapy, and

7   other treatment and therapy in the amount determined by the jury at trial, not to exceed

8   $100,000.00.  These amounts are included in, and not in addition to, those alleged in

9   paragraphs 15-17.

10

11                      **FOURTH CLAIM FOR RELIEF:**
        **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

12
              **(Against Defendants John and Danielle Yates)**

13                                    29.

14   Plaintiffs reallege and incorporate herein paragraphs 18-28.

15                                    30.

16          A.M. and R.M. were subjected to cruel and unreasonable treatment while in the

17   Yates' care, as alleged it paragraphs 13-14, that caused them extreme emotional

18   distress.

19

20
     **Page 12 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150   •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

31.

The actions and circumstances as set forth in paragraphs 13-14 and 18-28 were outrageous and beyond any reasonable limit of social toleration, and caused A.M. and R.M. the harms and damages alleged in paragraphs 15-17.

**<u>FIFTH CLAIM FOR RELIEF – NEGLIGENCE</u>**

**(Against Defendant Yakima Valley Farm Workers Clinic, Inc.)**

32.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1-5, 7-17, above.

33.

A.M. was seen at the Newberg WIC Clinic on numerous occasions beginning October 15, 2009, and ending August 14, 2014.  Employees or agents of YVFWC recorded the following information concerning A.M.'s weight, weight for age (growth chart %), height, and height for age (growth chart %) on the dates indicated:

Page 13 of 22 – FIRST AMENDED COMPLAINT

<u>LAW OFFICE OF ERIN OLSON, P.C.</u>
2014 N.E. Broadway Street  Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

| Date | Weight | Weight for Age | Height | Height for Age |
|------|--------|----------------|--------|----------------|
| 10/15/2009 | 9 lbs 9 oz | 19% | 23 inches | 36% |
| 3/26/2010 | 16 lbs 3 oz | 34% | 27 inches | 73% |
| 8/31/2010 | 19 lbs 15 oz | 31% | 29 inches | 61% |
| 8/24/2011 | 27 lbs | 55% | 33 .25 inches | 44% |
| 12/20/2011 | 28 lbs 3 oz | 53% | 35.625 inches | 71% |
| 6/15/2012 | 30 lbs 4 oz | 53% | 36.25 inches | 48% |
| 12/18/2012 | 32 lbs 4 oz | 53% | 37.125 inches | 31% |
| 6/5/2013 | 30 lbs | 16% | 37.875 inches | 24% |
| 6/18/2013 | 28 lbs 8 oz | 6% | 37.75 inches | 18% |
| 8/6/2013 | 29 lbs 4 oz | 8% | 38 inches | 19% |
| 9/3/2013 | 27 lbs 8 oz | 1% | 38 inches | 16% |
| 10/8/2013 | 30 lbs | 9% | 38 inches | 13% |
| 11/8/2013 | 30 lbs | 7% | 38.125 inches | 12% |
| 12/13/2013 | 28 lbs 12 oz | 2% | 37.5 inches | 4% |
| 1/16/2014 | 30 lbs | 4% | 38.125 inches | 6% |
| 3/12/2014 | 27 lbs 12 oz | 0% | 38.625 inches | 8% |
| 4/11/2014 | 30 lbs 12 oz | 4% | 38.625 inches | 6% |
| 7/15/2014 | 27 lbs | 0% | 38.625 inches | 2% |
| 8/14/2014 | 27 lbs 12 oz | 0% | 38.75 inches | 2% |

34.

R.M. was seen at the Newberg WIC Clinic on numerous occasions beginning

March 14, 2011, and ending August 14, 2014.  Employees or agents of YVFWC

recorded the following information concerning R.M.'s weight, weight for age

(growth chart %), height, and height for age (growth chart %) on the dates indicated:

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150 • Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

| Date | Weight | Weight for Age | Height | Height for Age |
|------|--------|----------------|--------|----------------|
| 3/14/2011 | 14 lbs 4 oz | 71% | 23.875 inches | 46% |
| 6/7/2011 | 18 lbs 10 oz | 71% | 26.125 inches | 40% |
| 9/1/2011 | 22 lbs 4 oz | 77% | 28.25 inches | 51% |
| 12/20/2011 | 24 lbs 10 oz | 87% | 30.5 inches | 58% |
| 6/15/2012 | 26 lbs 14 oz | 83% | 32.625 inches | 59% |
| 12/18/2012 | 28 lbs 12 oz | 60% | 34 inches | 48% |
| 6/5/2013 | 26 lbs 8 oz | 13% | 34.5 inches | 20% |
| 6/18/2013 | 25 lbs 4 oz | 6% | 34.5 inches | 18% |
| 8/6/2013 | 24 lbs 8 oz | 2% | 34.875 inches | 15% |
| 9/3/2013 | 25 lbs 4 oz | 3% | 34.875 inches | 11% |
| 10/8/2013 | 26 lbs 4 oz | 5% | 34.875 inches | 8% |
| 11/8/2013 | 27 lbs | 8% | 34.875 inches | 6% |
| 12/13/2013 | 26 lbs 12 oz | 5% | 34.875 inches | 4% |
| 1/16/2014 | 27 lbs 4 oz | 6% | 34.875 inches | 2% |
| 3/12/2014 | 26 lbs 12 oz | 3% | 35 inches | 1% |
| 4/11/2014 | 29 lbs | 0% | 35.125 inches | 1% |
| 7/15/2014 | 24 lbs 12 oz | 0% | 35.125 inches | 0% |
| 8/14/2014 | 24 lbs 8 oz | 0% | 35.25 inches | 0% |

35.

Beginning June 15, 2012, A.M. and R.M. were brought in for their visits to the Newberg WIC Clinic by Danielle Yates, who was known to employees or agents of YVFWC to be the children's foster parent.

36.

Beginning June 15, 2012 and until December 17, 2014 when they were removed from the home of Danielle and John Yates on December 17, 2014, YVFWC employees or agents saw the children no less than thirteen times.

Page 15 of 22 – FIRST AMENDED COMPLAINT

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150 • Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

37.

YVFWC, by and through its employee or agents, was negligent in one or more of the following ways, which caused injury to A.M. and R.M.:

    a.  In failing to coordinate nutrition care for A.M. and R.M. with their health care providers;

    b.  In failing to follow-up for the high-risk level identified for A.M. and R.M. due to their low weight, small stature, and slow growth;

    c.  In failing to identify, implement, and follow through with a plan for future intervention that addressed the risks to A.M. and R.M.

    d.  In failing to make a mandatory report of child abuse or neglect, as was required by ORS 419B.010 and WIC Policy 450 ¶7.1.

38.

As a result of YVFWC's negligence as alleged in this claim, A.M. and R.M. each suffered the harms and losses described in paragraphs 9-17.

## SIXTH CLAIM FOR RELIEF – NEGLIGENCE

**(Against Defendants Physicians' Medical Center, P.C. & Brent W. Heimuller, M.D.)**

39.

Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1-17, above.

Page 16 of 22 – FIRST AMENDED COMPLAINT

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

Exhibit 2, Page 16 of 22

40.

At all times relevant, Dr. Heimuller and PMC held themselves out as providers of pediatric services who were committed to providing expert care with a personal touch for infants, young children, and teens.

41.

Dr. Heimuller conducted a well child exam of A.M. on November 5, 2013, during which A.M.'s weight was recorded as 27.8 lbs and her height was recorded as 38.2 inches, putting her in approximately the 0th weight-for-age percentile on the CDC Growth Chart and in approximately the 10th stature-for-age percentile on the CDC Growth Chart.  Dr. Heimuller noted "weight gain issues" and offered a "nutritionist consult locally if desired," but noted her general appearance as "Well appearing child, appropriate for age, no acute distress."

42.

Dr. Heimuller conducted a well child exam of R.M. on December 5, 2013, during which R.M.'s weight was recorded as 25.8 lbs and his height was recorded as 34.5 inches, putting him below the 3rd weight-for-age percentile on the CDC Growth Chart and below the 3rd stature-for-age percentile on the CDC Growth Chart.  Dr. Heimuller noted "diffusely dry skin," delayed social skills, delayed language, with

Page 17 of 22 – FIRST AMENDED COMPLAINT

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

Exhibit 2, Page 17 of 22

1    "speech development closer to a 2 year old," but noted his general appearance as

2    "Well appearing child, appropriate for age, no acute distress."

3                                    43.

4          At the time of his examinations of A.M. and R.M. in November and

5    December of 2013, Dr. Heimuller had the information from YVFWC through October

6    8, 2013 as is set forth in paragraphs 33 and 34, as well as records from their former

7    pediatrician showing the results of their well-child checks from March 2012 through

8    April 2013.

9                                    44.

10         PMC and Dr. Heimuller were negligent in one or more of the following

11   ways, which caused injury to A.M. and R.M.:

12         a.   In failing to review or evaluate the children's medical histories to

13              properly assess their health;

14         b.   In failing evaluate the children to determine the cause of their weight

15              loss;

16         c.   In failing to evaluate the children to determine the cause of their growth

17              delays;

18         d.   In failing to evaluate R.M. to determine the cause of his developmental

19              delays;

20

**Page 18 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

1        e.  In failing to promptly treat the children for their severe, unexplained

2            weight loss and growth delays;

3        f.  In failing to make a mandatory report of child abuse or neglect, as was

4            required by ORS 419B.010.

5                45.

6    As a result of the negligence of Dr. Heimuller and PMC as alleged in this

7    claim, A.M. and R.M. suffered harm and damages as alleged in paragraph 38.

8    **<u>PRAYER FOR RELIEF</u>**

9    WHEREFORE, plaintiffs pray for judgment against defendants, and each of

10   them, as follows:

11       1.  On the First Claim for Relief for Abuse of a Vulnerable Person against

12           defendants John Yates and Danielle Yates, as to each plaintiff:

13           a.  Treble economic damages in the amount of $600,000.00;

14           b.  Treble non-economic damages in the amount of $29,400,000.00;

15           c.  Reasonable attorney fees pursuant to ORS 124.100(2)(c);

16           d.  Reasonable fees for the services of the conservators pursuant to ORS

17           124.100(2)(d); and

18           e.  Costs and disbursements incurred herein.

19

20

**Page 19 of 22 – FIRST AMENDED COMPLAINT**

**<u>LAW OFFICE OF ERIN OLSON, P.C.</u>**
2014 N.E. Broadway Street   Portland, OR 97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

2. On the Second Claim for Relief for Sexual Abuse (Sexual Battery) against

defendant John Yates, as to A.M.:

    a. Economic damages in the amount of $100,000.00;

    b. Non-economic damages in the amount of $5,000,000.00; and

    c. Costs and disbursements incurred herein.

3. On the Third Claim for Relief for Physical Abuse (Battery) against

defendants John Yates, and Danielle Yates, as to R.M.:

    a. Economic damages in the amount of $100,000.00;

    b. Non-economic damages in the amount of $2,000,000.00;

    c. Costs and disbursements incurred herein.

4. On the Fourth Claim for Relief for Intentional Infliction of Emotional

Distress against defendants John Yates and Danielle Yates, as to each

plaintiff:

    a. Economic damages in the amount of $200,000.00;

    b. Non-economic damages in the amount of $9,800,000.00; and

    c. Costs and disbursements incurred herein.

5. On the Fifth Claim for Relief for Negligence against defendant Yamhill

Valley Farm Workers Clinic, Inc., as to each plaintiff:

    a. Economic damages in the amount of $200,000.00;

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150  •  Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

1          b.  Non-economic damages in the amount of $9,800,000.00; and

2          c.  Costs and disbursements incurred herein.

3      6.  On the Sixth Claim for Relief for Negligence against defendants Brent W.

4      Heimuller, M.D., and Physicians' Medical Center, P.C., as to each plaintiff:

5          a.  Economic damages in the amount of $200,000.00;

6          b.  Non-economic damages in the amount of $9,800,000.00; and

7          c.  Costs and disbursements incurred herein.

8     Dated:  March 22, 2017.

9                LAW OFFICE OF ERIN OLSON, P.C.

10               s/ Erin K. Olson
                    Erin K. Olson, OSB 934776

11               Attorney for Plaintiff R.M.
                    E-mail:  eolson@erinolsonlaw.com

12

13               PAULSON COLETTI TRIAL ATTORNEYS, P.C.

14               s/ Jane Paulson
                    Jane Paulson, OSB 911804

15               Attorney for Plaintiff A.M.
                    E-mail:  jane@paulsoncoletti.com

16

17               Trial Attorneys:  Erin K. Olson & Jane Paulson

18

19

20

LAW OFFICE OF ERIN OLSON, P.C.
2014 N.E. Broadway Street   Portland, OR  97232-1511
Telephone:  (503) 546-3150 ● Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

Exhibit 2, Page 21 of 22

1

**<u>Certificate of Service</u>**

2

This is to certify that on March 22, 2017, I caused to be served a true and

3

correct copy of the foregoing on the below-listed counsel for the appearing parties

4

via prepaid, U.S. Mail:

5

James S. Smith, Sr. AAG
Oregon Department of Justice

6

100 SW Market Street
Portland, OR  97201

7

*Attorney for State of Oregon Defendants*

8

Jane Paulson
Paulson Coletti

9

1022 NW Marshall St Ste 450
Portland OR  97209

10

*Attorney for Plaintiff A.M.*

11

Thurl Stalnaker Jr.
405 N.W. 18th Avenue, Suite 200

12

Portland, OR  97209
*Attorney for John Yates*

13

Danielle Yates, SID 14760619

14

Coffee Creek Correctional Institution
24499 SW Grahams Ferry Road, Suite U

15

Wilsonville, OR 97070
*Pro Se Civil Case Defendant*

16

s/ Erin K. Olson                              

17

Erin K. Olson

18

19

20

**Page 22 of 22 – FIRST AMENDED COMPLAINT**

**LAW OFFICE OF ERIN OLSON, P.C.**
2014 N.E. Broadway Street  Portland, OR  97232-1511
Telephone:  (503) 546-3150 ● Fax:  (503) 548-4435
E-mail:  eolson@erinolsonlaw.com

Exhibit 2, Page 22 of 22