IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.M., a minor, by and through her Conservator, Tim Nay; and R.M., a minor, by and through his conservator, Beagle and Associates of Oregon, Inc.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Physicians' Medical Center, P.C.; Brent W. Heimuller, M.D.; and United States of America**, <br><br> Defendants. | Case No. 3:17-cv-1833-SI <br><br> **OPINION AND ORDER** |

Jane Paulson, PAULSON COLETTI TRIAL ATTORNEYS PC, 1022 NW Marshall, No. 450, Portland, OR 97209. Of Attorneys for Plaintiff A.M.

Erin K. Olson, LAW OFFICE OF ERIN OLSON, PC, 2014 N.E. Broadway Street, Portland, OR 97232. Of Attorneys for Plaintiff R.M.

Connie Elkins McKelvey and Joanna C. Robinson, LINDSAY HART, LLP, 1300 SW Fifth Avenue, Suite 3400, Portland, Oregon, 97201. Of Attorneys for Defendants Physicians' Medical Center, P.C. and Brent W. Heimuller, M.D.

Billy J. Williams, United States Attorney, and Susanne Luse, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Of Attorneys for Defendant United States of America.

Kim E. Hoyt, GARRETT HEMANN ROBERTSON, PC, 1011 Commercial Street N.E., Salem, Oregon 97301. Of Attorneys for Third-Party Jenelle Johnson.

**Michael H. Simon, District Judge.**

Defendants Physicians' Medical Center, P.C. and Brent W. Heimuller, M.D. have moved to compel the production of documents relating to the legal representation of Plaintiffs in Washington County Circuit Court Case Nos. J110071 and J110072 by attorney Jenelle Johnson and to compel Johnson to answer deposition questions about her representation of Plaintiffs in those cases, notwithstanding the attorney-client privilege. Defendant United States of America joins that motion. For the following reasons, Defendants' motion to compel is denied.

## STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). In federal court, the application of the attorney-client privilege in the adjudication of claims arising under federal law is governed by federal common law. *See* Fed. R. Evid. 501; *see also United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). Even when both federal claims and related state claims are present, the federal common law of privilege governs. *See Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 672 (D. Or. 2014). The burden of proving that attorney-client privilege applies is on the party asserting the privilege. *See Weil v. Inv./Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

## BACKGROUND

Plaintiffs are minors. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, they assert a claim of negligence against the United States based on the actions of a medical clinic that is a federally-deemed entity. This claim arises under federal law. They also assert a

PAGE 2 – OPINION AND ORDER

state law claim against a private medical center and one of its doctors. After Plaintiffs filed this lawsuit in state court, the United States removed the case to federal court.

Jenelle Johnson is an attorney practicing in Oregon. In 2011, an Oregon state court appointed Johnson to represent A.M. and R.M. in their county juvenile dependency cases after their removal from parental custody. Johnson represented the children both before and after they were placed in the foster care custody of John and Danielle Yates. The children were in the custody of the Yates' from May 2012 to December 2014. After the children were removed from the Yates' custody, John and Danielle Yates were prosecuted in state court for child abuse. During the criminal proceedings, including while plea and settlement discussions were occurring, the Oregon Department of Human Services ("ODHS") and the Oregon Department of Justice ("ODOJ") produced documents and audio recordings from the Plaintiffs' dependency hearings in state court for use in the pending criminal cases as well as in any future civil cases.

At some point, Plaintiffs notified Johnson that they were considering filing claims against her for negligence (legal malpractice) in connection with her representation of Plaintiffs in the juvenile dependency proceedings. Ultimately, Plaintiffs did not file a lawsuit against Johnson. Instead, they entered into a settlement agreement with Johnson and agreed not to sue Johnson, her law firm, or the Oregon State Bar. Johnson admitted no fault or liability.

During discovery in the pending action, Plaintiffs' counsel initially identified Johnson as a witness likely to have discoverable information. Indeed, Plaintiffs' counsel said that Johnson likely would be a "critical deponent." The parties began discussing dates for when Johnson might be available for deposition. Defendants sought to clarify that Plaintiffs would not be asserting the attorney-client privilege relating to Johnson's representation of A.M. and R.M. in

the juvenile dependency cases. Counsel for R.M. responded by email, stating that neither Plaintiffs would assert the attorney-client privilege.

In August 2018, Defendants sent Johnson a subpoena *duces tecum*, requesting Johnson's entire file regarding her legal representation of Plaintiffs. Counsel for R.M. then informed Defendants and Johnson that R.M. had decided not to waive the attorney-client privilege. Several days later, counsel for A.M. informed Defendants and Johnson that A.M. also had decided not to waive the attorney-client privilege. Defendants then filed the pending motion to compel.

## DISCUSSION

In support of their motion to compel, Defendants make three arguments. First, they assert that Oregon law, not federal law, governs the privilege issue and that Oregon law would find the privilege had been waived when Plaintiffs asserted a claim of legal malpractice against Johnson. Second, Defendants argue that Plaintiffs voluntarily waived the privilege by allowing ODHS and ODOJ to disclose documents and audio recordings from the state court dependency proceedings. Finally, Defendant maintain that Plaintiffs have impliedly waived the privilege by asserting claims against Defendants in this case. The Court addresses each argument in turn.

**A. Federal Common Law**

Defendants argue that Oregon privilege law applies to this discovery dispute and that Rule 503(4)(c) of the Oregon Evidence Code ("OEC") provides that the attorney-client privilege does not apply to communications relating to an alleged breach of duty by a lawyer owed to a client.[1] Defendants argue that Rule 501 of the Federal Rules of Evidence ("FRE") directs that state privilege law applies when an area of law, such as privilege, affects a claim or defense.

---

[1] OEC 503(4)(c) states that there is no attorney-client privilege "[a]s to a communication relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer." Or. Rev. Stat. § 40.225(4)(c).

Defendants, however, misread FRE 501, which explains that state law governs attorney-client privilege only when state law supplies the rule of decision.[2] In this case, Plaintiffs allege a claim against the United States governed by the FTCA.

The FTCA provides that federal district courts "shall have exclusive jurisdiction of civil actions on claims against the United States . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Although the United States' liability may turn on questions of state law, this does not mean that state law supplies the rule of decision in an FTCA case. Rather, the FTCA represents an instance of "federal adoption" of state law "to fill the interstices of federal law." *Moor v. Cty of Alameda*, 411 U.S. 693, 701 & n.11 (1973). Thus, although a federal court in an FTCA case will look to state law to determine the circumstances under which a private person would be liable, it is federal law by incorporation that provides the ultimate rule of decision. *See Young v. United States*, 149 F.R.D. 199, 202 (S.D. Cal. 1993).[3]

**B. Voluntary Waiver**

Defendants also argue that the disclosure of certain confidential information obtained from discovery in this case constitutes a voluntary waiver of Plaintiffs' attorney-client privilege.

---

[2] FRE 501 provides: "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.

[3] Further, even if OEC 503(4)(c) did apply to this dispute, the result would be the same. The Oregon Supreme Court has cautioned that Rule 503(4)(c) should be interpreted narrowly and is "a limited exception permitting disclosures of confidential information only as reasonably necessary for *a lawyer to defend* against allegations of breach of duty." *Longo v. Premo*, 355 Or. 525, 539 (2014) (emphasis added). In the pending case, Plaintiffs do not allege that Attorney Johnson, who is not party in this lawsuit, breached her duties to Plaintiffs. Thus, OEC 503(4)(c) has no application in this case, even if state law were to apply.

A party may be found to have waived attorney-client privilege by voluntarily disclosing privileged material. *See United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990). Further, a voluntary disclosure of privileged communications waives privilege for all other communications on the same subject. *See id.* at 1380; *see also Weil*, 647 F.2d at 24.

Defendants assert that ODHS and ODOJ disclosed confidential and privileged material, including some disclosures made during the state criminal prosecution of John and Danielle Yates. Defendants argue that Plaintiffs' voluntary and complete disclosure of privileged reports and materials waived their attorney-client privilege as to the entirety of Johnson's files. Defendants' argument is not persuasive.

Although some of the documents that have been produced by ODHS and ODOJ, either without objection by Plaintiffs or even with Plaintiffs' assistance, may be statutorily protected and confidential, none were protected by attorney-client privilege. Plaintiffs have not disclosed any documents from *Johnson's* client files in this case or anywhere else. All the documents disclosed to Defendants were produced by ODOJ and ODHS. Additionally, the records and audio recordings from the juvenile dependency hearings were produced to Defendants as a result of a court order authorizing the use of those records and recordings in this civil lawsuit. Some of the documents disclosed may be duplicative of some of the documents contained in Johnson's client files, but no privileged documents or records have been produced by any holder of an attorney-client privilege, including Plaintiffs, their conservators, their father, or their former attorney, Johnson. Plaintiffs maintain that neither they, their current counsel, or the former counsel (Johnson) have ever voluntarily disclosed Plaintiffs' attorney-client privileged materials to Defendants or anyone else. Further, Plaintiffs and their current counsel assert that they have not seen and do not possess Johnson's client files for A.M. and R.M. Because neither Plaintiffs

nor Johnson have disclosed any of Plaintiffs' attorney-client privileged documents, they have not voluntarily waived the privilege.

**C. Implied Waiver**

Finally, Defendants argue that Plaintiffs have impliedly waived their attorney-client privilege because they have placed Johnson's representation at issue in this case and because privileged information is essential to Defendants' affirmative defense of comparative fault. The Ninth Circuit uses a three-part test to determine whether an implied waiver of attorney-client privilege has occurred. "[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). Further, a party may not wield attorney-client privilege as both a sword and a shield. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

According to Defendants, the affirmative act of Plaintiffs that puts the privileged information at issue was the sending of the demand letter to Johnson before the settlement agreement. Defendants, however, cite no authority for the proposition that actions short of filing a lawsuit against a former attorney impliedly waives the attorney-client privilege as to communications with that attorney in all future actions, including those not involving the attorney. But even if merely sending a demand letter to Johnson can be considered the equivalent of filing a legal malpractice suit, a question that the Court need not decide, Plaintiffs have not waived their attorney-client privilege in *this* case. "The mere institution of suit against a lawyer, however, is not a waiver of the privilege for all subsequent proceedings, however related or unrelated." *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986); *see also Gerawan*

PAGE 7 – OPINION AND ORDER

*Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 WL 253 1072 at *7 (E.D. Cal. June. 23, 2011) ("The initiation of a malpractice suit against Plaintiff's former patent attorneys does not mean that Plaintiff's communications with its former attorneys are suddenly open to unfettered discovery in this case.").

The three-part test for implied waiver of attorney-client privilege requires that the party asserting the privilege has taken some affirmative action that puts the privileged information at issue in the specific lawsuit in which that discovery is sought. *See United States v. Almani*, 169 F.3d 1189, 1195 (9th Cir. 1999). Plaintiffs have taken no affirmative action *in this case* that would put the privileged material at issue. Instead, it is Defendants' assertion of their affirmative defense of comparative fault that has put the privileged information at issue, if at all. Further, if a defendant in a civil case can put privileged information into issue merely by raising an affirmative defense that depends, in part, on materials to which the plaintiff is the holder of the privilege, this would open the door for defendants in future cases to circumvent a plaintiff's best efforts to maintain the privilege. In the pending case, Plaintiffs are not trying to use privilege as both a sword and a shield.

Finally, the third factor required for an implied waiver of attorney-client privilege is not present. In order to find that an implied waiver of the attorney-client privilege has occurred, a court must find that "allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co.*, 43 F.3d at 1326. In *Home Indemnity*, the Ninth Circuit found that even if the plaintiffs had affirmatively put into issue privileged information and satisfied the first two prongs of the test, the privileged information was not "sufficiently vital" to fulfill the third prong of the test because denying discovery as to the privileged communications was not "manifestly unfair." *Id.* Defendants state without any evidentiary support that "Johnson's

files and testimony regarding her representation of plaintiffs is *crucial* for defendants to use as it evaluates reports and materials that plaintiffs have already disclosed." ECF 48 at 6 (emphasis added).

Defendants already have access to the audio recordings of every juvenile dependency proceeding, as well as the juvenile dependency records produced by DHS and DOJ. Defendants may rely upon those documents to argue that Johnson is partially at fault. Thus, it would not be "manifestly unfair" to withhold privileged information from Defendants in this case because they already have enough material from which to argue their theory of defense. Accordingly, Plaintiffs have not impliedly waived their attorney-client privilege regarding Johnson's client files.

## CONCLUSION

Defendants Physicians' Medical Center, P.C. and Brent W. Heimuller, M.D.'s Motion to Compel Production of Documents and Deposition Testimony (ECF 37), joined by Defendant United States of America (ECF 42), is DENIED.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge