# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.M., a minor, by and through her Conservator, Tim Nay; and R.M., a minor, by and through his conservator, Beagle and Associates of Oregon, Inc.**, <br><br>  Plaintiffs, <br><br>  v. <br><br> **Physicians' Medical Center, P.C.; Brent W. Heimuller, M.D.; and United States of America**, <br><br>  Defendants. | Case No. 3:17-cv-1833-SI <br><br> **OPINION AND ORDER** |

Jane Paulson, PAULSON COLETTI TRIAL ATTORNEYS PC, 1022 NW Marshall, No. 450, Portland, OR 97209. Of Attorneys for Plaintiff A.M.

Erin K. Olson, LAW OFFICE OF ERIN OLSON, PC, 2014 N.E. Broadway Street, Portland, OR 97232. Of Attorneys for Plaintiff R.M.

Connie Elkins McKelvey and Joanna C. Robinson, LINDSAY HART, LLP, 1300 SW Fifth Avenue, Suite 3400, Portland, Oregon, 97201. Of Attorneys for Defendants Physicians' Medical Center, P.C. and Brent W. Heimuller, M.D.

Billy J. Williams, United States Attorney, and Susanne Luse, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Of Attorneys for Defendant United States of America.

**Michael H. Simon, District Judge.**

Plaintiffs A.M. and R.M. have filed a motion to determine the sufficiency of Defendants' responses to Plaintiffs' requests for admission. Plaintiffs challenge the sufficiency of the responses served by (1) Defendants Physicians' Medical Center, P.C. ("PMC") and Brent W. Heimuller, M.D. ("Dr. Heimuller") and (2) Defendant United States of America. For the following reasons, Plaintiffs' motion is denied.

## STANDARDS

Under Rule 36(a)(1) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either, and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The scope of Rule 26(b)(1) includes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

When served with a request for admissions, a party must answer or object to the request. *See* Fed. R. Civ. P. 36(a)(3). The party may not treat the request as "a mere procedural exercise requiring minimally acceptable conduct" and must provide "full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). If the party cannot admit or deny a matter, its answer must "state in detail" why. Fed. R. Civ. P. 36(a)(4). If the party objects to a request, its answer must state the grounds for the objection, and a "party must not object *solely* on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5) (emphasis added). "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).

PAGE 2 – OPINION AND ORDER

# BACKGROUND

## A. Factual Background[1]

Plaintiff A.M. is a nine-year-old girl, born in August 2009. Plaintiff R.M. is an eight-year-old boy, born in December 2010. In January 2011, when A.M. was almost one and one-half years old and R.M. was about one month old, the Oregon Department of Human Services ("ODHS") removed Plaintiffs from their parental custody and placed them in foster care. In May 2012, ODHS placed Plaintiffs in the foster home of John and Danielle Yates. In August 2013, John and Danielle Yates became the durable guardians for A.M. and R.M. While in the Yates' home, A.M. and R.M. allegedly were subjected to starvation, withholding of food as discipline, withholding of medical care, isolation, physical abuse, verbal and emotional abuse, and disparagement of family of origin. In December 2014, ODHS removed Plaintiffs from the Yates' home and placed them in the care of their paternal aunt, J.M. Based on their condition, J.M. promptly took Plaintiffs to Randall Children's Hospital, where they were found to have many markers of chronic starvation and malnutrition. At some point thereafter, the State of Oregon prosecuted John and Danielle Yates for child abuse.

Yakima Valley Farm Workers Clinic, Inc. ("YVFWC") is a Washington nonprofit corporation, doing business through a network of community health centers operating services and programs in Washington and Oregon. Among the services offered are nutrition services for caregivers and expecting mothers, including growth tracking to ensure children are growing at a healthy rate, nutrition education and advice for caregivers, and assistance finding healthcare and other community services. YVFWC is a recipient of federal funding from the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") and operates

---

[1] The facts presented are taken largely from Plaintiffs' Second Amended Complaint.

several WIC clinics including the Newberg WIC Clinic in Newberg, Oregon. YVFWC and its employees are qualified for protection under the Federal Tort Claims Act ("FTCA") under section 224 of the Public Health Service (PHS) Act, as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995. A.M. was seen at the Newberg WIC Clinic at numerous times between October 15, 2009 and August 14, 2014. R.M. was seen at the Newberg WIC Clinic at numerous times between March 14, 2011 and August 14, 2014.

Under the FTCA, 28 U.S.C. § 1346 *et seq.*, Plaintiffs assert a claim of negligence against Defendant United States based on the actions of the YVFWC, a federally-deemed entity. Plaintiffs allege that YVFWC was negligent in failing to: (a) coordinate nutrition care for Plaintiffs with their health care providers; (b) follow-up on the high-risk level identified for Plaintiffs due to their low weight, small stature, and slow growth; (c) identify, implement, and follow through with a plan for future intervention that addressed the risks to Plaintiffs; (d) make a mandatory report of child abuse or neglect, as required under Oregon law and WIC policy; and (e) follow-up on the notice sent to PMC and Dr. Heimuller on March 12, 2014, regarding the worsening weights of Plaintiffs during the previous two months.

Dr. Heimuller is a board-certified pediatrician at PMC, a multi-specialty group medical practice. Dr. Heimuller conducted a "well child" examination of A.M. on November 5, 2013. Dr. Heimuller noted for A.M. "weight gain issues" and offered a "nutritionist consult locally if desired," but added that A.M.'s general appearance as "[w]ell appearing child, appropriate for age, no acute distress." Also on November 5, 2013, Dr. Heimiller saw R.M. and administered a flu vaccination. On December 5, 2013, Dr. Heimuller conducted a "well child" examination of R.M. Dr. Heimuller noted for R.M. "diffusely dry skin," delayed social skills, delayed language, with "speech development closer to a 2 year old," but added that R.M.'s general appearance as

"[w]ell appearing child, appropriate for age, no acute distress." On March 12, 2014, PMC and Dr. Heimuller received a fax notice from a registered dietitian at YVFWC containing information that Plaintiffs had worsening weights during the preceding two months. PMC and Dr. Heimuller, however, did not follow-up on that notice. Plaintiffs assert a claim of negligence against Defendants PMC and Dr. Heimuller, alleging that they were negligent in failing to: (a) review or evaluate the children's medical histories to properly assess their health; (b) evaluate the children to determine the cause of their weight loss; (c) evaluate the children to determine the cause of their growth delays; (d) evaluate R.M. to determine the cause of his developmental delays; (e) promptly treat the children for their severe, unexplained weight loss and growth delays; (f) make a mandatory report of child abuse or neglect, as required under Oregon law; and (g) follow-up on March 12, 2014 notice received from a registered dietitian with VFWC reporting worsening weights of Plaintiffs during the previous two months.

**B. Procedural Background**

Oregon negligence law governs Plaintiffs' claims against Dr. Heimuller, PMC, and the United States. The FTCA provides jurisdiction over "claims against the United States . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA represents an instance of federal adoption of state law "to fill the interstices of federal law." *Moor v. Cty of Alameda*, 411 U.S. 693, 701 & n.11 (1973). In addition, Oregon negligence law provides for comparative fault. Or. Rev. Stat. ("ORS") § 31.600(2) states in relevant part:

> The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled.

ORS § 31.600(2).

PAGE 5 – OPINION AND ORDER

Plaintiffs have settled their claims with ODHS, John Yates, Danielle Yates, Jennelle Johnson, and Ridehalgh & Associates, LLC.[2] The United States alleges in its affirmative defenses that it intends to seek an allocation of fault under ORS 31.600(2) against ODHS, John Yates, Danielle Yates, and Ms. Johnson and the law firm of Ridehalgh & Associates, LLC. The United States also alleges that if PMC and Dr. Heimuller settle with Plaintiffs before trial, the United States will seek an allocation of fault against those parties. Similarly, PMC and Dr. Heimuller allege in their affirmative defenses that they intend to seek an allocation of fault under ORS 31.600(2) against ODHS, John Yates, Danielle Yates, and Ms. Johnson and the law firm of Ridehalgh & Associates, LLC. Further, PMC and Dr. Heimuller also allege that if the United States settles with Plaintiffs before trial, they will seek an allocation of fault against the United States. Finally, relevant to the pending motion, the United States, PMC, and Dr. Heimuller have not alleged in their affirmative defenses any intention to seek an allocation of fault against any of the following third-parties: Dr. J.J. Bittner; Dr. Rose Eagle; Dr. Mae Lim; Dr. Raquel Apodaca; or the Yamhill County Sheriff's Office. The Court has scheduled the trial of this matter to begin on June 17, 2019.

**DISCUSSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs served a set of Requests for Admission ("RFAs") on Defendants PMC and Dr. Heimuller and another set of RFAs on Defendant United States. Plaintiffs asked Defendants to admit, in response to separate

---

[2] Jennelle Johnson is an Oregon attorney with the law firm of Ridehalgh & Associates, LLC. In 2011, the Washington County Circuit Court appointed Ms. Johnson to represent A.M. and R.M. in their juvenile dependency cases after ODHS removed them from parental custody. Ms. Johnson represented Plaintiffs both before and after they were placed in the foster care of John and Danielle Yates.

RFAs, that the injury to Plaintiffs (or either of them) "was not the sole and exclusive fault" of any of the following:

    (a)    John and Danielle Yates (or either of them);

    (b)    ODHS (or any of its employees);

    (c)    Jennelle Johnson or Ridehalgh & Associates, LLC;

    (d)    Dr. J.J. Bittner;

    (e)    Dr. Rose Eagle;

    (f)    Dr. Raquel Apodaca; and

    (g)    the Yamhill County Sheriff's Office.

In addition, Plaintiffs asked the United States to:

> Admit that evidence of the fault of non-parties to this federal civil case is inadmissible unless that non-party has settled with plaintiff A.M., is added as a third-party defendant to this case, or is alleged to be solely and exclusively at fault in causing the injuries alleged in A.M.'s complaint.

Defendants did not admit or deny these RFAs. Instead, they objected on various grounds. Among other grounds, Defendants collectively objected that these RFAs improperly call for legal conclusions. In Plaintiffs' motion to determine the sufficiency of Defendants' responses, however, Plaintiffs argue that their RFAs are reasonable applications of fact to law and thus permitted under Rule 36.

        The Court previously addressed this area of law in *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1195-96 (D. Or. 2015), *aff'd* , 702 F. App'x 537 (9th Cir. 2017). In that case, the Court stated that Rule 36(a)(1)(A) permits requests for admissions as to "facts, the application of law to fact, or opinions about either." Requests for purely legal conclusions, however, are generally not permitted. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (holding that requests seeking purely legal conclusions are not permitted

PAGE 7 – OPINION AND ORDER

under Rule 36); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015) (same); *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("[I]t would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."). As explained in 7 *Moore's Federal Practice* § 36.10[8] at 36–26 (3d ed. 2008) (footnotes omitted):

> Requests for admission may relate to the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36.

*See also* 8A Charles Wright, Arthur Miller, & Richard Marcus, *Federal Practice and Procedure* § 2255, 534 & n.8 (2d ed. 1994) (citing cases). As noted by other district courts in this circuit, however, "the distinction between the application of law to fact and a legal conclusion is 'not always easy to draw.'" *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4743121, at *2 (N.D. Cal. Oct. 3, 2012) (citing *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 952254, at *3 (N.D. Cal. Mar. 20, 2012)).

Courts that have grappled with this question have attempted to provide guidance. For example, in *Reichenbach v. City of Columbus*, a plaintiff alleging disability discrimination under the Americans with Disabilities Act issued an RFA requesting that the defendants "admit that the curb ramp at issue was not compliant with current federal accessibility design standards." 2006 WL 143552 (S.D. Ohio 2006) at *2. The defendants objected that this request sought only a conclusion of law, and the court agreed. *Id.* A proper request, according to the court, instead might have asked, "Defendants adopted a transition plan within six months of January 26, 1992, as required by 28 C.F.R. 35.150(d)(1). Admit or deny." *Id.* n.3. According to the court in *Reichenbach*, the former question involves a pure question of law and is thus improper; the latter question applies operative facts to relevant law. *See also Tulip Computers Int'l, B.V. v. Dell*

PAGE 8 – OPINION AND ORDER

*Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) (holding that "determining whether a patent is valid would call for a legal conclusion although dependent on factual inquiries"); *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (holding that a defendant may object to an RFA asking her to admit that she is a "public figure" as defined in Supreme Court case law as improperly seeking a purely legal conclusion).[3]

In the pending case, the disputed RFAs are closer to the RFAs found to be improper in *Reichenbach*. Although Plaintiffs have nominally tied their RFAs to the facts in this case, the requests essentially seek a legal conclusion: whether any injury to a Plaintiff was the "sole and exclusive fault" of any specific third party. The disputed RFAs did not request the admission of any underlying facts that might be used to establish whether any specific third party caused any injury to a Plaintiff, which would have been an appropriate RFA. Rather, the disputed RFAs requested the admission of legal conclusions regarding "fault." Under these circumstances, Defendants' objections to the disputed RFAs are sufficient.

## CONCLUSION

Plaintiffs' Motion to Determine Sufficiency of Defendants' Responses to Requests for Admission (ECF 50) is DENIED.

**IT IS SO ORDERED**.

DATED this 10th day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Because a party's failure to provide a sufficient answer to an RFA may subject that party to having to pay the requesting party's attorney's fees, *see* Rule 36(a)(6) and Rule 37(a)(5), a looser standard would risk undermining the "American Rule" on attorney's fees, in which each party pays its own fees, at least in the absence of an agreement, statute, or rule to the contrary. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (holding that under the "American Rule," attorney's fees ordinarily are not recoverable against the losing party in a lawsuit).